**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **GREGORY COLLIER, # M-31061,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-807-SMY** |
| | ) | |
| **SALVADOR GODINES,** | ) | |
| **S. FURLOW,** | ) | |
| **and T.A. SPILLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Robinson Correctional Center ("Robinson"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  His claims arose while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville").   He seeks compensation for having been wrongfully confined in disciplinary segregation on a misconduct charge that has since been expunged.  The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

According to Plaintiff, he was on the yard at Pinckneyville[1] when a fight began (Doc. 1, p. 5).  Later on, after Plaintiff had returned to his cell, he was "picked up" by Internal Affairs and charged with disciplinary infractions connected to the fight.  Despite the lack of evidence connecting Plaintiff to the incident, he was found guilty by the disciplinary committee and punished with one year in segregation as well as the revocation of one year of good conduct credits.  The Director later reduced the loss of good time credits to three months (Doc. 1, pp. 5, 9).

Plaintiff spent the entire year in segregation as originally ordered, but pursued his grievance over the disciplinary action.  Ultimately, on August 1, 2014, the ticket was expunged by the Administrative Review Board, which found the charges to be unsubstantiated (Doc. 1, pp. 5, 11).  Plaintiff's lost good conduct credits were fully restored (Doc. 1, pp. 5, 12).  However, Plaintiff claims that due to the "unjust atrocities" he suffered during his segregation time, he is under a doctor's care for "mental imbalances" (Doc. 1, p. 5).  He requests unspecified monetary compensation (Doc. 1, p. 6).

According to the Complaint, Defendant Furlow was the officer who wrote Plaintiff's disciplinary ticket and Defendant Spiller signed off on the ticket charging Plaintiff with the offenses (Doc. 1, pp. 2, 8).  Defendant Godines is sued because he was the Director of the Illinois Department of Corrections at the time (Doc. 1, p. 1).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all

---

[1] Plaintiff's brief statement of claim does not specify the location of the events that gave rise to his claim. However, his attached exhibits disclose that the disciplinary ticket was issued to him at Pinckneyville in September 2013.

future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.  Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:**  Fourteenth Amendment claim against Defendants Godines, Furlow, and Spiller, for depriving Plaintiff of a liberty interest without due process by confining him in punitive segregation for one year based on an unsubstantiated disciplinary charge;
>
> **Count 2:**  Eighth Amendment claim against Defendants Godines, Furlow, and Spiller, for subjecting Plaintiff to cruel and unusual punishment by wrongfully confining him in disciplinary segregation for one year.

Count 1 shall proceed for further consideration in this action.  Count 2 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 1 – Deprivation of a Liberty Interest Without Due Process

Because Plaintiff's "conviction" for the 2013 prison disciplinary infraction was expunged, and his lost good time restored, the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), does not present a bar to him seeking damages in a civil rights action.  *See Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (the ruling in a prison disciplinary proceeding is a conviction for the purposes of *Heck* analysis).  Plaintiff claims that he was required to spend a year in punitive segregation before the charge was expunged.  The decision that his disciplinary charge was "unsubstantiated" came too late to release him from any part of that punishment.

Under certain limited circumstances, an inmate punished with segregation may be able to pursue a claim for deprivation of a liberty interest without due process of law.  *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009).  Plaintiff does not mention any denial of procedural due process in the conduct of his disciplinary hearing.  *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974) (to satisfy due process concerns, inmate must be given

advance written notice of the charge, the right to appear before the hearing panel, the right to call witnesses if prison safety allows, and a written statement of the reasons for the discipline imposed).  Rather, he focuses on the lack of evidence against him, which ultimately led to the charge being expunged.  *See Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994) (disciplinary decision must be supported by "some evidence"); *see also Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007) ("once the meager threshold has been crossed our inquiry ends" . . . reviewing court need only consider prisoner's exculpatory evidence to the extent that it undermines the reliability of the evidence relied upon to find him guilty).  The decision in August 2014 to expunge the September 2013 disciplinary infraction and the one year of segregation indicates that Plaintiff eventually received due process – but not swiftly enough to relieve him from serving the full segregation term.  The lack of evidentiary support to sustain the disciplinary charges against Plaintiff suggests a possible due process deprivation in the first instance when the charges were originally brought and adjudicated.

However, based on the factual information in the Complaint, it is not clear whether Plaintiff was deprived of a protected liberty interest.  The length of a segregation term is only one factor in the due process analysis.  The other factor is the conditions under which the inmate was confined in segregation.

An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her disciplinary confinement impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997) (in light of *Sandin*, "the right to litigate disciplinary confinements has become vanishingly small").  For prisoners whose punishment includes being put in disciplinary segregation, under *Sandin*, "the

key comparison is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population." *Wagner*, 128 F.3d at 1175.

The Seventh Circuit has articulated two elements for determining whether disciplinary segregation conditions impose atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured by the prisoner during that period." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (emphasis in original). The first prong of this two-part analysis focuses solely on the duration of disciplinary segregation. For relatively short periods of disciplinary segregation, inquiry into specific conditions of confinement is unnecessary. *See Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (56 days); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (70 days) ("a relatively short period when one considers his 12 year prison sentence"). In these cases, the short duration of the disciplinary segregation forecloses any due process liberty interest regardless of the conditions. *See Marion*, 559 F.3d at 698 ("we have affirmed dismissal without requiring a factual inquiry into the conditions of confinement").

In Plaintiff's case, the one-year term of his punitive segregation is sufficiently long to trigger due process concerns. Thus, a factual inquiry into the conditions of his segregation is warranted. *See Marion*, 559 F.3d at 697-98. Plaintiff's Complaint, however, provides no factual information regarding those conditions. He states only that he was subjected to "atrocities," and points to the overall injustice of being made to serve a year of segregation without any justification for that punishment. Therefore, in order to develop the facts relevant to this claim, **Count 1** shall proceed for further consideration against two of the defendants. Defendants Furlow and Spiller, who brought the disciplinary charges against Plaintiff despite the lack of

evidence against him, shall remain in this claim.   However, Defendant Godines shall be dismissed without prejudice.

However, Defendant Godines shall be dismissed without prejudice.   Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted).   In order to state a claim against a defendant, a plaintiff must describe what each named defendant did (or failed to do), that violated the plaintiff's constitutional rights. Nothing in the Complaint indicates that Defendant Godines was personally involved in the disciplinary proceedings against Plaintiff.   Indeed, Plaintiff does not set forth any facts at all regarding Defendant Godines' role in the events giving rise to this claim.   It appears that he included Defendant Godines only because he was the IDOC director.   However, this supervisory position is not enough to impose liability on Defendant Godines.   The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions.   *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).   Because no facts in the Complaint indicate that Defendant Godines is "personally responsible for the deprivation of a constitutional right," *id*, he shall be dismissed from this action.

## Dismissal of Count 2 – Cruel and Unusual Punishment

The Eighth Amendment prohibition against cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime.   *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).   Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may

violate the Eighth Amendment.  *Rhodes*, 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

In order to prevail on a conditions-of-confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991).  The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society.  *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).  The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.   *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

The subjective component of unconstitutional punishment focuses on the intent with which the acts or practices constituting the alleged punishment are inflicted; in other words, the state of mind of the defendant.  *Jackson*, 955 F.2d at 22; *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994).  In conditions of confinement cases, this is deliberate indifference to inmate health or safety; the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of

serious harm.  *Farmer*, 511 U.S. at 842.  It is well-settled that mere negligence is not enough.  *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Here, Plaintiff claims that his Eighth Amendment rights were violated because his unlawful placement in segregation for one year constituted cruel and unusual punishment.  Aside from his statement that he suffered "unjust atrocities" while in segregation, Plaintiff offers no factual allegations regarding the conditions of his confinement in segregation.   This bald conclusion, unsupported by any facts, is insufficient to state an actionable Eighth Amendment claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Accordingly, **Count 2** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) is **TERMINATED AS MOOT**.  No such motion is necessary for a Plaintiff who has been granted leave to proceed *in forma pauperis* ("IFP").  The Court shall order service on all defendants who remain in the action following threshold review under § 1915A.  *See* 28 U.S.C. § 1915(d).

## Disposition

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.   Defendant **GODINES** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **FURLOW** and **SPILLER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of

Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 9, 2016**

s/ STACI M. YANDLE
United States District Judge